# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| WEIGAND CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:14-cv-210-JTM-SLC |
| WORTMAN BROTHERS, LLC, *et al.*, | ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is an Unopposed Motion to Dismiss Wortman Brothers, LLC

("Wortman"), and to Extend Pre-Trial Dates and Deadlines (DE 22) filed by Plaintiff Weigand

Construction Company, Inc. ("Weigand"), on April 24, 2015. Weigand represents that

Defendant Western Surety Company ("Western Surety") does not oppose the motion. Wortman

has failed to make any response in opposition, and the time to do so has now run. Pursuant to 28

U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana

Local Rule 72-1(b), the undersigned Magistrate Judge recommends that Weigand's motion be

granted.

In its motion, Weigand seeks to voluntarily dismiss Wortman from this lawsuit without

prejudice, because Wortman's bankruptcy filing on October 28, 2014, has triggered the

automatic stay of this case with respect to Wortman,[1] pending resolution of its bankruptcy

---

[1] The stay only applies to the defendant who has filed bankruptcy proceedings and does not apply to non-bankrupt co-defendants. *Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir. 1983) (concluding the language of Section 362(a) "unambiguously states that the stay operates only as 'against the debtor'").

proceeding.  Weigand represents that it and Western Surety wish to proceed with the litigation of this case.  Weigand therefore requests that the Court dismiss Wortman from the case without prejudice.  Weigand further requests that the Court extend the current pretrial deadlines. Weigand represents that Western Surety does not oppose this motion.

Section 362 of the Bankruptcy Code automatically stays "the commencement or continuation" of litigation against a debtor who has filed for bankruptcy when the action arises from facts occurring prior to the debtor's filing for bankruptcy.  11 U.S.C. § 362(a)(1).  The Seventh Circuit Court of Appeals has held that "[t]he automatic stay enjoins the initiation and continuation of a suit against bankrupt debtors, not the non-merits termination of one."  *Nora v. Residential Funding Co., LLC*, 543 F. App'x 601, 603 (7th Cir. 2013) (citations omitted).  A voluntary dismissal without prejudice is not an adjudication on the merits.  *See Brown v. City of Chicago*, 771 F.3d 413, 414 (7th Cir. 2014) (noting that the general rule is that "a voluntary dismissal is not res judicata because it is not judgment on the merits"); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) (noting that Rule 41(a)'s discussion of voluntary dismissal by the plaintiff "makes clear that an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'").  Because a voluntary dismissal, without prejudice, is not barred by the automatic bankruptcy stay, I RECOMMEND that Weigand's motion be GRANTED regarding its request to dismiss Wortman without prejudice as a defendant in this action.

I further RECOMMEND that Weigand's motion be GRANTED regarding its request to extend the pretrial deadlines, given Western Surety's lack of opposition.  I RECOMMEND that the following deadlines be imposed in this matter:

a.	Discovery Deadline - November 3, 2015;

b.	Fact Witness Discovery - August 3, 2015;

c.	Expert Witness Discovery - November 3, 2015;

d.	Plaintiff's Rule 26(a)(2) Witness Disclosures - September 1, 2015;

e.	Defendants' Rule 26(a)(2) Witness Disclosures - October 1, 2015; and

f.	Rule 26(a)(2) Witness Supplementation - October 15, 2015.

For the foregoing reasons, the undersigned Magistrate Judge recommends that the District Judge grant Weigand's motion to dismiss Wortman and extend the pretrial deadlines (DE 22). The Clerk is directed to send a copy of this Report and Recommendation to counsel for each party. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Entered this 12th day of May, 2015.

s/Susan Collins
Susan Collins
United States Magistrate Judge